83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Anibal Ramiro GAYTAN; Jesus Avmando Portillo; Roman Hector
Mungia-Meza, Defendants-Appellees.
 No. 95-10210.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided April 18, 1996.
 
 1
 Before: HUG, Chief Judge, FERNANDEZ, Circuit Judge, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants-appellees Anibal Gaytan, Jesus Portillo, and Roman Munguia-Meza were indicted for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On the third day of trial, following both the direct and cross-examination testimony of the Government's confidential informant, Juan Fernando Carrete, defense counsel moved for a continuance, complaining that the Government had waited until its direct examination to disclose information about Carrete that, under Brady v. Maryland, 373 U.S. 83 (1963), it was obligated to disclose prior to trial. The district court dismissed the case against the defendants with prejudice. The Government appealed. We have jurisdiction under 28 U.S.C. § 3731, and we reverse.
 
 
 4
 "A district court may dismiss an indictment on any of three grounds: (1) due process, (2) inherent supervisory powers (protecting the integrity of the judicial process), and (3) statutory grounds." United States v. Jacobs, 855 F.2d 652, 654 (9th Cir.1988) (per curiam). The district court dismissed the case for the Brady violations.
 
 
 5
 In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Subsequent cases applying Brady indicate that Government nondisclosure of evidence impeaching the credibility of a Government witness violates due process. United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972).
 
 
 6
 To justify dismissal of an indictment under Brady, Government conduct must be "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Restrepo, 930 F.2d 705, 712 (9th Cir.1991). In determining whether dismissal for a Brady due process violation is warranted, our review is de novo. United States v. Simpson, 813 F.2d 1462, 1465 n. 2 (9th Cir.), cert. denied, 484 U.S. 898 (1987).
 
 
 7
 The Government's conduct in this appeal was not outrageous. The Government generally had been forthcoming in its disclosure of information regarding Carrete. For example, when the Government learned, five days prior to trial, that Carrete had used cocaine with defendant Gaytan on the day before the offense date alleged in the indictments, the Government disclosed the information to the defense that very same day. Similarly, when the Government became aware, on the day before the start of trial, that Carrete had received an additional and previously unaccounted two hundred dollar payment from the Government, the Government also made the information available to the defense immediately. Moreover, the prosecutor did not disclose the information at issue in this appeal in order to keep the information hidden, but instead did so because she was under the good faith, albeit mistaken, belief this evidence was inadmissible and, therefore, not Brady material.
 
 
 8
 In United States v. Barrera-Moreno, 951 F.2d 1089, 1093 (9th Cir.1991), cert. denied, 506 U.S. 957 (1992), we held that the Government's knowledge that a confidential informant consistently failed drug tests did not constitute conduct outrageous enough to warrant dismissal of an indictment. In United States v. Kearns, 5 F.3d 1251 (9th Cir.1993), we similarly held that the Government's failure to disclose an informant's written cooperation agreement as well as certain other exculpatory details of the witnesses' record did not violate the due process clause and that dismissal was unwarranted. It is, therefore, difficult to characterize the Government's failure to disclose the information about Carrete in a timely fashion as "grossly shocking" or "outrageous" in light of these cases.
 
 
 9
 The Government's disclosure in this case, while unquestionably untimely and inconvenient to the defense, provided additional impeachment evidence against the Government's primary witness. It occurred during direct examination of the witness, and the defense was able to utilize the revelation to its advantage during cross-examination. Thus, the Government's mistake was easy to remedy. The district court could have granted a continuance. It could have ordered a mistrial. This case is, therefore, a clear example of where the district court's sanction was not commensurate with the Government's misdeeds.
 
 
 10
 "Dismissal of an indictment with prejudice is the most severe sanction possible." United States v. Isgro, 974 F.2d 1091, 1096 (9th Cir.), cert. denied, 507 U.S. 985 (1992). It is appropriate only "when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." Barrera-Moreno, 951 F.2d at 1092 (emphasis added). Because the Brady violation in this case was easily remedied, it did not justify such a serious sanction. We, therefore, reverse.[1]
 
 
 11
 REVERSED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants argued that if the district court's dismissal were reversed, the resumption of the Government's suit against them would nonetheless be barred by the Double Jeopardy Clause. There has, however, been no order from the district court with regard to retrial and double jeopardy. As such, that issue is not properly before us at this time, and we decline comment